IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

FILED
IN OPEN COURT

SEP 2 2 2016

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **UNDER SEAL** |
| | ) |
| v. | ) CRIMINAL NO. 2:16cr **130** |
| | ) |
| ANTONIO SIMMONS, | ) 18 U.S.C. § 1962(d) |
| a/k/a "Murdock," | ) Racketeering Conspiracy |
| a/k/a "Doc," | ) (Count 1) |
| (Counts 1, 2, 4, 6-10, 23-25, 28-33) | ) |
| | ) 18 U.S.C. §§ 1959(a)(1) and 2 |
| | ) Murder in Aid of Racketeering Activity |
| ANTHONY DERRELL FOYE, | ) (Counts 2, 6, 11-12, 21) |
| a/k/a "Ace," | ) |
| a/k/a "Bull, | ) 18 U.S.C. §§ 1959(a)(1) and 3 |
| (Counts 1, 2, 4, 6-20, 23-27) | ) Murder in Aid of Racketeering Activity, |
| | ) Accessory After the Fact |
| | ) (Count 3) |
| NATHANIEL TYREE MITCHELL, | ) |
| a/k/a "Savage," | ) 18 U.S.C. §§ 924(c)(1), (j), and 2 |
| (Counts 1, 6-27) | ) Use of a Firearm Resulting in Death |
| | ) (Counts 4, 7, 13-14, 22) |
| | ) |
| ALVAUGHN DAVIS, | ) 18 U.S.C. §§ 924(c)(1), (j), and 3 |
| a/k/a "LB," | ) Murder Resulting From the Use and |
| (Counts 1, 3, 5-10) | ) Discharge of a Firearm During and in |
| | ) Relation to a Crime of Violence, |
| Defendants. | ) Accessory After the Fact |
| | ) (Count 5) |
| | ) |
| | ) 18 U.S.C. §§ 1959(a)(5) and 2 |
| | ) Attempted Murder in Aid of Racketeering |
| | ) Activity |
| | ) (Counts 8, 15, 18, 23) |
| | ) |
| | ) 18 U.S.C. §§ 1959(a)(3) and 2 |
| | ) Assault With a Dangerous Weapon in Aid |
| | ) of Racketeering Activity |
| | ) (Counts 9, 16, 19, 24, 26) |
| | ) |
| | ) 18 U.S.C. §§ 924(c)(1)(A) and 2 |
| | ) Possession and Discharge of a Firearm in |
| | ) Furtherance of a Crime of Violence |
| | ) (Counts 10, 17, 20, 25, 27) |

)   21 U.S.C. §§ 841(a)(1) and (b)(1)(C)
)   Distribution of Narcotics
)   (Counts 28-30)
)
)   21 U.S.C. §§ 841(a)(1), (b)(1)(C), and
)   18 U.S.C. § 2
)   Possession With Intent to Distribute
)   Narcotics
)   (Count 31)
)
)   18 U.S.C. §§ 924(c)(1)(A) and 2
)   Possession of a Firearm in Furtherance of a
)   Drug Trafficking Crime
)   (Count 32)
)
)   18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2
)   Felon in Possession of a Firearm
)   (Count 33)
)
)   18 U.S.C § 1963
)   Racketeering Forfeiture
)
)   21 U.S.C § 853, 18 U.S.C. § 924(d)(1), and
)   28 U.S.C. § 2461(c)
)   Criminal Forfeiture
)
)   Notice of Special Findings
)   18 U.S.C. §§ 3591 and 3592

## INDICTMENT

September 2016 TERM – at Norfolk

THE GRAND JURY CHARGES THAT:

### COUNT ONE
### (Racketeering Conspiracy)

### The Enterprise

At all times relevant to this Indictment:

    1.    The defendants, ANTONIO SIMMONS, a/k/a "Murdock," a/k/a "Doc,"

ANTHONY DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," NATHANIEL TYREE MITCHELL,

2

a/k/a "Savage," and ALVAUGHN DAVIS, a/k/a "LB," and others both known and unknown to the Grand Jury, were members and/or associates of the Nine Trey Gangsters (hereinafter, the "NTG"), a criminal organization whose members and associates engaged in acts of violence, namely acts involving murder, robbery, maiming, assault with a dangerous weapon, and narcotics distribution, and which operated principally in the cities of Portsmouth, Chesapeake, and Norfolk, Virginia.  The NTG is part of the United Blood Nation, a collective of East Coast-based Bloods gangs.

2.      Members of the NTG signified their membership in various ways.  Members bore tattoos such as "NTG" or a five pointed star.  Members wore principally red clothing and carried red bandannas.  NTG members displayed distinctive hand signals and other greetings that were only appropriate for gang members to use.  Gang members would use coded language in text messages related to gang activities, and in their written communications, they often replaced the letter "c," which is associated with the rival "Crips" gang, with a "k."  Gang members were required to follow a "Book of Knowledge" that included the "Thirty-One Rules," one of which is the directive not to cooperate with the police.  Infractions of these rules had corresponding penalties, which ranged from beatings to the murder of a gang member who broke the rule.

3.      The NTG at times clashed internally between different "sets" and "lines" of gang members within the larger organization, and externally with other gangs, including the Crips.

4.      The NTG, including its leaders, members and associates, constituted an "Enterprise" as defined by Title 18, United States Code, Section 1961(4) (hereinafter "the Enterprise"), that is, a group of individuals associated in fact, although not a legal entity.  The Enterprise constituted an ongoing organization whose members functioned as a continuing unit

3

for a common purpose of achieving the objectives of the Enterprise.  The Enterprise was engaged in, and its activities affected, interstate and foreign commerce.

### Purposes and Objectives of the Enterprise

5.      The purposes of the Enterprise included the following:

a.      Enriching, preserving, expanding, and protecting the power, territory, and prestige of the Enterprise through the use of intimidation, violence, and threats of violence, including murder, attempted murder, robbery, narcotics distribution, and firearm violations.

b.      Keeping potential victims and rival gang members in fear of the Enterprise and in fear of its leaders, members and associates through threats of violence and acts of violence.

c.      Confronting and retaliating against rival gangs, rival drug dealers, and rival Bloods gangs, "sets," or "lines" that are also part of the United Blood Nation, through the use of intimidation, violence, threats of violence, and assaults.

d.      Protecting the Enterprise and its members from detection, apprehension, and prosecution by obstructing law enforcement's investigation of members of the Enterprise by witness intimidation and perjury.

e.      Financially supporting members of the Enterprise through narcotics trafficking and robberies.

### Means and Methods of the Enterprise

6.      The means and methods used by the Enterprise and its members, including the defendants, included but were not limited to the following:

a.      Using intimidation, violence, and threats of violence to preserve and protect the Enterprise's territory and criminal activities.

4

b.      Using intimidation, violence, and threats of violence to promote and enhance the Enterprise's prestige, reputation, and position in the community. This included activities such as boasting about the existence of the Enterprise on social media websites. Members of the Enterprise also used intimidation, violence, and threats of violence to promote and enhance their own rank, prestige, reputation and standing within the Enterprise.

c.      Promoting a climate of fear through intimidation, violence, and threats of violence to further their criminal activities, which included narcotics trafficking activities, murder, attempted murder, and robbery.

d.      Using intimidation, violence, and threats of violence against known and suspected rival gang members, rival drug dealers, witnesses, and various other individuals.

e.      Protecting the Enterprise and its members from detection, apprehension, and prosecution by law enforcement officers by using violence and threats of violence to dissuade potential witnesses from notifying or cooperating with authorities.

f.      Confronting and retaliating against rival gangs and drug dealers through the use of intimidation, violence, threats of violence, and assaults.

g.      Robbing other drug dealers to obtain cash, firearms, and drugs for re-sale.

h.      Trafficking in controlled substances.

i.      Protecting the territory of the Enterprise to allow the Enterprise's members to earn money through the sale of controlled substances within its territory.

5

**The Racketeering Violation**

7.     Beginning in or about December 2013, the exact date being unknown to the Grand Jury, until on or about the date of this Indictment, in the Eastern District of Virginia and elsewhere, the defendants, ANTONIO SIMMONS, a/k/a "Murdock," a/k/a "Doc," ANTHONY DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," NATHANIEL TYREE MITCHELL, a/k/a "Savage," and ALVAUGHN DAVIS, a/k/a "LB," together with others known and unknown to the Grand Jury, being persons employed by and associated with the NTG as described in Paragraphs One through Six of this Count, did knowingly and intentionally combine, conspire, confederate, and agree with each other, and with other persons known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1962(c), namely, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise, which was engaged in, and the activities of which affected, interstate commerce, through a pattern of racketeering activity, as that term is defined by Title 18, United States Code, Section 1961(1) and (5), which consisted of multiple:

a.     Acts involving Murder, chargeable under Va. Code §§ 18.2-32, 18.2-26, and 18.2-22, and the common law of Virginia;

b.     Acts involving Robbery, chargeable under Va. Code §§ 18.2-58, 18.2-26, and 18.2-22, and the common law of Virginia;

c.     Acts indictable under 18 U.S.C. § 1951 (Conspiracy to Interfere With, and Interference With, Commerce, by Robbery); and

d.     Offenses involving the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance punishable under the laws of the United States, in violation of Title 21, United States Code, Section 846

6

(conspiracy to distribute and possess with intent to distribute controlled substances) and Section 841 (distribution and possession with intent to distribute controlled substances).

8.     It was further a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the Enterprise's affairs.

## Overt Acts

9.     In furtherance of the conspiracy and to achieve the object and purposes of the conspiracy, the defendants and others known and unknown committed overt acts in the Eastern District of Virginia and elsewhere, including but not limited to the following:

a.     From in or about November 2015 to on or about December 10, 2015, SIMMONS, FOYE, DAVIS, and others, both known and unknown, agreed and conspired to rob and kill Altariq Tynes.

b.     On or about December 10, 2015, FOYE used a firearm to shoot and kill Altariq Tynes.

c.     On or about December 15, 2015, SIMMONS, FOYE, MITCHELL, DAVIS, and others, both known an unknown, agreed and conspired to kill Vandalet Mercer.

d.     On or about December 15, 2015, FOYE and MITCHELL used firearms to shoot and kill Vandalet Mercer.

e.     On or about December 15, 2015, SIMMONS, FOYE, MITCHELL, DAVIS, and others, both known and unknown, agreed and conspired to kill R.F.

f.     On or about December 15, 2015, FOYE and MITCHELL used firearms to shoot and attempt to kill R.F., striking R.F. in the arm.

g.      On or about December 20, 2015, FOYE, MITCHELL, and others, both known and unknown, agreed and conspired to kill Wayne Randolph Davis and Linda Marie Lassiter.

h.      On or about December 20, 2015, FOYE and MITCHELL used firearms to shoot and kill Wayne Randolph Davis and Linda Marie Lassiter.

i.      On or about December 20, 2015, FOYE, MITCHELL, and others, both known and unknown, agreed and conspired to kill R.M.

j.      On or about December 20, 2015, FOYE and MITCHELL used firearms to shoot and attempt to kill R.M., striking R.M. in the leg multiple times.

k.      On or about December 20, 2015, FOYE, MITCHELL, and others, both known and unknown, agreed and conspired to kill R.M.D.

l.      On or about December 20, 2015, FOYE and MITCHELL used a firearm to shoot and attempt to kill R.M.D., striking R.M.D. in the ear.

m.      On or about December 21, 2015, MITCHELL and others, both known and unknown, agreed and conspired to kill Jamesha Roberts.

n.      On or about December 21, 2015, MITCHELL used a firearm to shoot and kill Jamesha Roberts.

o.      On or about December 27, 2015, SIMMONS, FOYE, MITCHELL, and others, both known and unknown, agreed and conspired to kill S.M.

p.      On or about December 27, 2015, FOYE and MITCHELL used firearms to shoot and attempt to kill S.M., striking her multiple times in the chest.

q.      On or about December 27, 2015, FOYE and MITCHELL agreed and conspired to rob a Shell gasoline station store located in Portsmouth, Virginia.

r.      On or about December 27, 2015, FOYE and MITCHELL used firearms to rob a Shell gasoline station store located in Portsmouth, Virginia, the proceeds of which robbery included approximately $150.00 in United States Currency.

s.      On or about January 20, 2016, SIMMONS sold a quantity of heroin.

t.      On or about February 3, 2016, SIMMONS sold a quantity of heroin.

u.      On or about February 19, 2016, SIMMONS sold a quantity of heroin.

v.      On or about March 22, 2016, SIMMONS possessed a quantity of cocaine with intent to sell the substance.

## Notice of Special Sentencing Factors

10.     On or about December 10, 2015, in the Eastern District of Virginia, the defendants, ANTONIO SIMMONS, a/k/a "Murdock," a/k/a "Doc," and ANTHONY DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," aided and abetted by others, both known and unknown, did murder Altariq Tynes, in violation of Section 18.2-32 of the Code of Virginia, to wit, the defendants killed Tynes and said killing was willful, deliberate, and premeditated, and said killing was done in the commission of, or attempt to commit, robbery.

11.     On or about December 15, 2015, in the Eastern District of Virginia, the defendants, ANTONIO SIMMONS, a/k/a "Murdock," a/k/a "Doc," ANTHONY DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," NATHANIEL TYREE MITCHELL, a/k/a "Savage," and ALVAUGHN DAVIS, a/k/a "LB," aided and abetted by others, both known and unknown, did murder Vandelet Mercer, in violation of Section 18.2-32 of the Code of Virginia, to wit, the defendants killed Mercer and said killing was willful, deliberate, and premeditated.

12.     On or about December 20, 2015, in the Eastern District of Virginia, the defendants, ANTHONY DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," and NATHANIEL

TYREE MITCHELL, a/k/a "Savage," aided and abetted by others, both known and unknown, did murder Wayne Randolph Davis, in violation of Section 18.2-32 of the Code of Virginia, to wit, the defendants killed Davis and said killing was willful, deliberate, and premeditated.

13.     On or about December 20, 2015, in the Eastern District of Virginia, the defendants, ANTHONY DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," and NATHANIEL TYREE MITCHELL, a/k/a "Savage," aided and abetted by others, both known and unknown, did murder Linda Marie Lassiter, in violation of Section 18.2-32 of the Code of Virginia, to wit, the defendants killed Lassiter and said killing was willful, deliberate, and premeditated.

14.     On or about December 21, 2015, in the Eastern District of Virginia, the defendant NATHANIEL TYREE MITCHELL, a/k/a "Savage," aided and abetted by others, both known and unknown, did murder Jamesha Roberts, in violation of Section 18.2-32 of the Code of Virginia, to wit, the defendant killed Roberts and said killing was willful, deliberate, and premeditated.

(In violation of Title 18, United States Code, Section 1962(d).)

## COUNT TWO
### (Murder in Aid of Racketeering Activity)

1.     Paragraphs 1 through 6 of Count One of this Indictment are re-alleged and incorporated as if fully set forth herein.

2.     At all times relevant to this Indictment, the NTG, including its leaders, members, and associates, constituted an "Enterprise," as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact, which was engaged in, and the activities of which affected, interstate and foreign commerce.  The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

10

3.     At all times relevant to this Indictment, the NTG, the above-described Enterprise, through its leaders, members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), which consisted of multiple:

a.     Acts involving Murder;

b.     Acts involving Robbery;

c.     Acts indictable under 18 U.S.C. § 1951 (Conspiracy to Interfere With, and Interference With, Commerce, by Robbery); and

d.     Multiple offenses involving the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance punishable under the laws of the United States, in violation of Title 21, United States Code, Section 846 (conspiracy to distribute and possess with intent to distribute controlled substances) and Section 841 (distribution and possession with intent to distribute controlled substances).

4.     On or about December 10, 2015, in Portsmouth, Virginia, in the Eastern District of Virginia, the defendants, ANTONIO SIMMONS, a/k/a "Murdock," a/k/a "Doc," and ANTHONY DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," aided and abetted by others, both known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in the NTG, an Enterprise engaged in racketeering activity, did unlawfully and knowingly murder Altariq Tynes, in violation of Va. Code Ann. § 18.2-32.

(In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT THREE
### (Murder in Aid of Racketeering Activity, Accessory After the Fact)

On or about December 10, 2015, in Portsmouth, Virginia, in the Eastern District of Virginia, the defendant, ALVAUGHN DAVIS, a/k/a "LB," knowing an offense against the United States has been committed by ANTONIO SIMMONS, a/k/a "Murdock," a/k/a "Doc,"

and ANTHONY DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," to wit: Murder in Aid of

Racketeering Activity, in violation of Title 18, United States Code, Section 1959(a)(1), as

charged in Count Two, did receive, relieve, comfort and assist the offender and offenders,

ANTONIO SIMMONS, a/k/a "Murdock," a/k/a "Doc," and ANTHONY DERRELL FOYE,

a/k/a "Ace," a/k/a "Bull," in order to hinder and prevent his and their apprehension, trial and

punishment.

(In violation of Title 18, United States Code, Sections 1959(a)(1) and 3.)

## COUNT FOUR
### (Use of a Firearm Resulting in Death)

On or about December 10, 2015, in Portsmouth, Virginia, in the Eastern District of

Virginia, the defendants, ANTONIO SIMMONS, a/k/a "Murdock," a/k/a "Doc," and

ANTHONY DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," did unlawfully and knowingly use,

carry, brandish, and discharge a firearm during and in relation to a crime of violence for which

they may be prosecuted in a Court of the United States, to wit: Racketeering Conspiracy, in

violation of Title 18, United States Code, Section 1962(d), as set forth in Count One of this

Indictment, and Murder in Aid of Racketeering Activity, in violation of Title 18, United States

Code, Section 1959(a)(1), as set forth in Count Two of this Indictment, each of which is

incorporated herein, and in the course of said offenses, caused the death of Altariq Tynes through

the use of a firearm, and the killing constituted murder, as defined in Title 18, United States

Code, Section 1111(a), in that the defendant and defendants, with malice aforethought, did

unlawfully kill Altariq Tynes by shooting him with a firearm and did aid, abet, and assist others

in the commission of the offense.

(In violation of Title 18, United States Code, Sections 924(c)(1) and (j), and 2.)

12

## COUNT FIVE
### (Murder Resulting From the Use and Discharge of a
### Firearm During and in Relation to a Crime of Violence, Accessory After the Fact)

On or about December 10, 2015, in Portsmouth, Virginia, in the Eastern District of

Virginia, the defendant, ALVAUGHN DAVIS, a/k/a "LB," knowing an offense against the

United States has been committed by ANTONIO SIMMONS, a/k/a "Murdock," a/k/a "Doc,"

and ANTHONY DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," to wit: the use of a firearm to

cause the murder of Altariq Tynes, in violation of Title 18, United States Code, Section 924(j), as

set forth in Count Four of this Indictment, did receive, relieve, comfort and assist the offender

and offenders, ANTONIO SIMMONS, a/k/a "Murdock," a/k/a "Doc," and ANTHONY

DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," in order to hinder or prevent his and their

apprehension, trial or punishment.

(In violation of Title 18, United States Code, Sections 924(c)(1) and (j), and 3.)

## COUNT SIX
### (Murder in Aid of Racketeering Activity)

1.      Paragraphs 1 through 3 of Count Two of this Indictment are re-alleged and

incorporated as if fully set forth herein.

2.      On or about December 15, 2015, in Portsmouth, Virginia, in the Eastern District

of Virginia, the defendants, ANTONIO SIMMONS, a/k/a "Murdock," a/k/a "Doc," ANTHONY

DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," NATHANIEL TYREE MITCHELL, a/k/a

"Savage," and ALVAUGHN DAVIS, a/k/a "LB," aided and abetted by others, both known and

unknown, for the purpose of gaining entrance to and maintaining and increasing position in the

NTG, an Enterprise engaged in racketeering activity, did unlawfully and knowingly murder

Vandalet Mercer, in violation of Va. Code Ann. § 18.2-32.

(In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.)

13

## COUNT SEVEN
### (Use of a Firearm Resulting in Death)

On or about December 15, 2015, in Portsmouth, Virginia, in the Eastern District of

Virginia, the defendants, ANTONIO SIMMONS, a/k/a "Murdock," a/k/a "Doc," ANTHONY

DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," NATHANIEL TYREE MITCHELL, a/k/a

"Savage," and ALVAUGHN DAVIS, a/k/a "LB," did unlawfully and knowingly use, carry,

brandish, and discharge a firearm during and in relation to a crime of violence for which they

may be prosecuted in a Court of the United States, to wit: Racketeering Conspiracy, in violation

of Title 18, United States Code, Section 1962(d), as set forth in Count One of this Indictment,

and Murder in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section

1959(a)(1), as set forth in Count Six of this Indictment, each of which is incorporated herein, and

in the course of said offenses, caused the death of Vandelet Mercer through the use of a firearm,

and the killing constituted murder, as defined in Title 18, United States Code, Section 1111(a), in

that the defendant and defendants, with malice aforethought, did unlawfully kill Vandelet Mercer

by shooting her with a firearm and did aid, abet, and assist each other and others in the

commission of the offense.

(In violation of Title 18, United States Code, Sections 924(c)(1) and (j), and 2.)

## COUNT EIGHT
### (Attempted Murder in Aid of Racketeering Activity)

1.      Paragraphs 1 through 3 of Count Two of this Indictment are re-alleged and

incorporated as if fully set forth herein.

2.      On or about December 15, 2015, in Portsmouth, Virginia, in the Eastern District

of Virginia, the defendants, ANTONIO SIMMONS, a/k/a "Murdock," a/k/a "Doc," ANTHONY

DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," NATHANIEL TYREE MITCHELL, a/k/a

14

"Savage," and ALVAUGHN DAVIS, a/k/a "LB," aided and abetted by others, both known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in the NTG, an Enterprise engaged in racketeering activity, did unlawfully and knowingly attempt to murder R.F., in violation of Va. Code Ann. §§ 18.2-32 and 18.2-26.

(In violation of Title 18, United States Code, Sections 1959(a)(5) and 2.)

**COUNT NINE**
**(Assault with a Dangerous Weapon in Aid of Racketeering Activity)**

1.      Paragraphs 1 through 3 of Count Two of this Indictment are re-alleged and incorporated as if fully set forth herein.

2.      On or about December 15, 2015, in Portsmouth, Virginia, in the Eastern District of Virginia, the defendants, ANTONIO SIMMONS, a/k/a "Murdock," a/k/a "Doc," ANTHONY DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," NATHANIEL TYREE MITCHELL, a/k/a "Savage," and ALVAUGHN DAVIS, a/k/a "LB," aided and abetted by others, both known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in the NTG, an Enterprise engaged in racketeering activity, did unlawfully and knowingly assault R.F. with a dangerous weapon, in violation of Va. Code Ann. §§ 18.2-53.1 and 18.2-282.

(In violation of Title 18, United States Code, Sections 1959(a)(3) and 2.)

**COUNT TEN**
**(Possession and Discharge of a Firearm in Furtherance of a Crime of Violence)**

On or about December 15, 2015, in Portsmouth, Virginia, in the Eastern District of Virginia, the defendants, ANTONIO SIMMONS, a/k/a "Murdock," a/k/a "Doc," ANTHONY DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," NATHANIEL TYREE MITCHELL, a/k/a "Savage," and ALVAUGHN DAVIS, a/k/a "LB," did unlawfully and knowingly possess, brandish, and discharge a firearm in furtherance of a crime of violence for which they may be

15

prosecuted in a court of the United States, to wit: Racketeering Conspiracy, in violation of Title 18, United States Code, Section 1962(d), as set forth in Count One of this Indictment, Attempted Murder in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section 1959(a)(5), as set forth in Count Eight of this Indictment, and Assault with a Dangerous Weapon in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section 1959(a)(3), as set forth in Count Nine of this Indictment, each of which is re-alleged and incorporated by reference herein.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.)

## COUNT ELEVEN
### (Murder in Aid of Racketeering Activity)

1.      Paragraphs 1 through 3 of Count Two of this Indictment are re-alleged and incorporated as if fully set forth herein.

2.      On or about December 20, 2015, in Portsmouth, Virginia, in the Eastern District of Virginia, the defendants, ANTHONY DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," and NATHANIEL TYREE MITCHELL, a/k/a "Savage," aided and abetted by others, both known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in the NTG, an Enterprise engaged in racketeering activity, did unlawfully and knowingly murder Linda Marie Lassiter, in violation of Va. Code Ann. § 18.2-32.

(In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT TWELVE
### (Murder in Aid of Racketeering Activity)

1.      Paragraphs 1 through 3 of Count Two of this Indictment are re-alleged and incorporated as if fully set forth herein.

2. On or about December 20, 2015, in Portsmouth, Virginia, in the Eastern District of Virginia, the defendants, ANTHONY DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," and NATHANIEL TYREE MITCHELL, a/k/a "Savage," aided and abetted by others, both known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in the NTG, an Enterprise engaged in racketeering activity, did unlawfully and knowingly murder Wayne Randolph Davis, in violation of Va. Code Ann. § 18.2-32.

(In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.)

### COUNT THIRTEEN
### (Use of a Firearm Resulting in Death)

On or about December 20, 2015, in Portsmouth, Virginia, in the Eastern District of Virginia, the defendants, ANTHONY DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," and NATHANIEL TYREE MITCHELL, a/k/a "Savage," did unlawfully and knowingly use, carry, brandish, and discharge a firearm during and in relation to a crime of violence for which they may be prosecuted in a Court of the United States, to wit: Racketeering Conspiracy, in violation of Title 18, United States Code, Section 1962(d), as set forth in Count One of this Indictment, and Murder in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section 1959(a)(1), as set forth in Count Eleven of this Indictment, each of which is incorporated herein, and in the course of said offenses, caused the death of Linda Marie Lassiter through the use of a firearm, and the killing constituted murder, as defined in Title 18, United States Code, Section 1111(a), in that the defendant and defendants, with malice aforethought, did unlawfully kill Linda Marie Lassiter by shooting her with a firearm and did aid, abet, and assist each other and others in the commission of the offense.

(In violation of Title 18, United States Code, Sections 924(c)(1) and (j), and 2.)

## COUNT FOURTEEN
### (Use of a Firearm Resulting in Death)

On or about December 19, 2015, in Portsmouth, Virginia, in the Eastern District of Virginia, the defendants, ANTHONY DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," and NATHANIEL TYREE MITCHELL, a/k/a "Savage," did unlawfully and knowingly use, carry, brandish, and discharge a firearm during and in relation to a crime of violence for which they may be prosecuted in a Court of the United States, to wit: Racketeering Conspiracy, in violation of Title 18, United States Code, Section 1962(d), as set forth in Count One of this Indictment, and Murder in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section 1959(a)(1), as set forth in Count Twelve of this Indictment, each of which is incorporated herein, and in the course of said offenses, caused the death of Wayne Randolph Davis through the use of a firearm, and the killing constituted murder, as defined in Title 18, United States Code, Section 1111(a), in that the defendant and defendants, with malice aforethought, did unlawfully kill Wayne Randolph Davis by shooting him with a firearm and did aid, abet, and assist each other and others in the commission of the offense.

(In violation of Title 18, United States Code, Sections 924(c)(1) and (j), and 2.)

## COUNT FIFTEEN
### (Attempted Murder in Aid of Racketeering Activity)

1.     Paragraphs 1 through 3 of Count Two of this Indictment are re-alleged and incorporated as if fully set forth herein.

2.     On or about December 20, 2015, in Virginia Beach, Virginia, in the Eastern District of Virginia, the defendants, ANTHONY DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," and NATHANIEL TYREE MITCHELL, a/k/a "Savage," aided and abetted by others, both known and unknown, for the purpose of gaining entrance to and maintaining and increasing

18

position in the NTG, an Enterprise engaged in racketeering activity, did unlawfully and

knowingly attempt to murder R.M., in violation of Va. Code Ann. §§ 18.2-32 and 18.2-26.

(In violation of Title 18, United States Code, Sections 1959(a)(5) and 2.)

## COUNT SIXTEEN
### (Assault with a Dangerous Weapon in Aid of Racketeering Activity)

1.      Paragraphs 1 through 3 of Count Two of this Indictment are re-alleged and

incorporated as if fully set forth herein.

2.      On or about December 20, 2015, in Virginia Beach, Virginia, in the Eastern

District of Virginia, the defendants, ANTHONY DERRELL FOYE, a/k/a "Ace," a/k/a "Bull,"

and NATHANIEL TYREE MITCHELL, a/k/a "Savage," aided and abetted by others, both

known and unknown, for the purpose of gaining entrance to and maintaining and increasing

position in the NTG, an Enterprise engaged in racketeering activity, did unlawfully and

knowingly assault R.M. with a dangerous weapon, in violation of Va. Code Ann. §§ 18.2-53.1

and 18.2-282.

(In violation of Title 18, United States Code, Sections 1959(a)(3) and 2.)

## COUNT SEVENTEEN
### (Possession and Discharge of a Firearm in Furtherance of a Crime of Violence)

On or about December 20, 2015, in Virginia Beach, Virginia, in the Eastern District of

Virginia, the defendants, ANTHONY DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," and

NATHANIEL TYREE MITCHELL, a/k/a "Savage," did unlawfully and knowingly possess,

brandish, and discharge a firearm in furtherance of a crime of violence for which they may be

prosecuted in a court of the United States, to wit: Racketeering Conspiracy, in violation of Title

18, United States Code, Section 1962(d), as set forth in Count One of this Indictment, Attempted

Murder in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section

1959(a)(5), as set forth in Count Fifteen of this Indictment, and Assault with a Dangerous

Weapon in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section

1959(a)(3), as set forth in Count Sixteen of this Indictment, each of which is re-alleged and

incorporated by reference herein, and did aid, abet, counsel, command, induce, and procure the

commission of said offense.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.)

## COUNT EIGHTEEN
### (Attempted Murder in Aid of Racketeering Activity)

1.      Paragraphs 1 through 3 of Count Two of this Indictment are re-alleged and

incorporated as if fully set forth herein.

2.      On or about December 20, 2015, in Chesapeake, Virginia, in the Eastern District

of Virginia, the defendants, ANTHONY DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," and

NATHANIEL TYREE MITCHELL, a/k/a "Savage," aided and abetted by others, both known

and unknown, for the purpose of gaining entrance to and maintaining and increasing position in

the NTG, an Enterprise engaged in racketeering activity, did unlawfully and knowingly attempt

to murder R.M.D., in violation of Va. Code Ann. §§ 18.2-32 and 18.2-26.

(In violation of Title 18, United States Code, Sections 1959(a)(5) and 2.)

## COUNT NINETEEN
### (Assault with a Dangerous Weapon in Aid of Racketeering Activity)

1.      Paragraphs 1 through 3 of Count Two of this Indictment are re-alleged and

incorporated as if fully set forth herein.

2.      On or about December 20, 2015, in Chesapeake, Virginia, in the Eastern District

of Virginia, the defendants, ANTHONY DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," and

NATHANIEL TYREE MITCHELL, a/k/a "Savage," aided and abetted by others, both known

and unknown, for the purpose of gaining entrance to and maintaining and increasing position in

the NTG, an Enterprise engaged in racketeering activity, did unlawfully and knowingly assault

R.M.D. with a dangerous weapon, in violation of Va. Code Ann. §§ 18.2-53.1 and 18.2-282.

(In violation of Title 18, United States Code, Sections 1959(a)(3) and 2.)

## COUNT TWENTY
### (Possession and Discharge of a Firearm in Furtherance of a Crime of Violence)

On or about December 20, 2015, in Chesapeake, Virginia, in the Eastern District of

Virginia, the defendants, ANTHONY DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," and

NATHANIEL TYREE MITCHELL, a/k/a "Savage," did unlawfully and knowingly possess,

brandish, and discharge a firearm in furtherance of a crime of violence for which they may be

prosecuted in a court of the United States, to wit: Racketeering Conspiracy, in violation of Title

18, United States Code, Section 1962(d), as set forth in Count One of this Indictment, Attempted

Murder in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section

1959(a)(5), as set forth in Count Eighteen of this Indictment, and Assault with a Dangerous

Weapon in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section

1959(a)(3), as set forth in Count Nineteen of this Indictment, each of which is re-alleged and

incorporated by reference herein, and did aid, abet, counsel, command, induce, and procure the

commission of said offense.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.)

## COUNT TWENTY-ONE
### (Murder in Aid of Racketeering Activity)

1.      Paragraphs 1 through 3 of Count Two of this Indictment are re-alleged and

incorporated as if fully set forth herein.

2.      On or about December 21, 2015, in Norfolk, Virginia, in the Eastern District of

Virginia, the defendant, NATHANIEL TYREE MITCHELL, a/k/a "Savage," aided and abetted

by others, both known and unknown, for the purpose of gaining entrance to and maintaining and

increasing position in the NTG, an Enterprise engaged in racketeering activity, did unlawfully

and knowingly murder Jamesha Roberts, in violation of Va. Code Ann. § 18.2-32.

(In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.)

### COUNT TWENTY-TWO
### (Use of a Firearm Resulting in Death)

On or about December 21, 2015, in Norfolk, Virginia, in the Eastern District of Virginia,

the defendant, NATHANIEL TYREE MITCHELL, a/k/a "Savage," did unlawfully and

knowingly use, carry, brandish, and discharge a firearm during and in relation to a crime of

violence for which he may be prosecuted in a Court of the United States, to wit: Racketeering

Conspiracy, in violation of Title 18, United States Code, Section 1962(d), as set forth in Count

One of this Indictment, and Murder in Aid of Racketeering Activity, in violation of Title 18,

United States Code, Section 1959(a)(1), as set forth in Count Twenty-One of this Indictment,

each of which is incorporated herein, and in the course of said offenses, caused the death of

Jamesha Roberts through the use of a firearm, and the killing constituted murder, as defined in

Title 18, United States Code, Section 1111(a), in that the defendant, with malice aforethought,

did unlawfully kill Jamesha Roberts by shooting her with a firearm and did aid, abet, and assist

another and others in the commission of the offense.

(In violation of Title 18, United States Code, Sections 924(c)(1) and (j), and 2.)

## COUNT TWENTY-THREE
### (Attempted Murder in Aid of Racketeering Activity)

1.      Paragraphs 1 through 3 of Count Two of this Indictment are re-alleged and incorporated as if fully set forth herein.

2.      On or about December 27, 2015, in Portsmouth, Virginia, in the Eastern District of Virginia, the defendants, ANTONIO SIMMONS, a/k/a "Murdock," a/k/a "Doc," ANTHONY DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," and NATHANIEL TYREE MITCHELL, a/k/a "Savage," aided and abetted by others, both known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in the NTG, an Enterprise engaged in racketeering activity, did unlawfully and knowingly attempt to murder S.M., in violation of Va. Code Ann. §§ 18.2-32 and 18.2-26.

(In violation of Title 18, United States Code, Sections 1959(a)(5) and 2.)

## COUNT TWENTY-FOUR
### (Assault with a Dangerous Weapon in Aid of Racketeering Activity)

1.      Paragraphs 1 through 3 of Count Two of this Indictment are re-alleged and incorporated as if fully set forth herein.

2.      On or about December 27, 2015, in Portsmouth, Virginia, in the Eastern District of Virginia, the defendants, ANTONIO SIMMONS, a/k/a "Murdock," a/k/a "Doc," ANTHONY DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," and NATHANIEL TYREE MITCHELL, a/k/a "Savage," aided and abetted by others, both known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in the NTG, an Enterprise engaged in racketeering activity, did unlawfully and knowingly assault S.M. with a dangerous weapon, in violation of Va. Code Ann. §§ 18.2-53.1 and 18.2-282.

(In violation of Title 18, United States Code, Sections 1959(a)(3) and 2.)

## COUNT TWENTY-FIVE
### (Possession and Discharge of a Firearm in Furtherance of a Crime of Violence)

On or about December 27, 2015, in Portsmouth, Virginia, in the Eastern District of

Virginia, the defendants, ANTONIO SIMMONS, a/k/a "Murdock," a/k/a "Doc," ANTHONY

DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," and NATHANIEL TYREE MITCHELL, a/k/a

"Savage," did unlawfully and knowingly possess, brandish, and discharge a firearm in

furtherance of a crime of violence for which they may be prosecuted in a court of the United

States, to wit: Racketeering Conspiracy, in violation of Title 18, United States Code, Section

1962(d), as set forth in Count One of this Indictment, Attempted Murder in Aid of Racketeering

Activity, in violation of Title 18, United States Code, Section 1959(a)(5), as set forth in Count

Twenty-Three of this Indictment, and Assault with a Dangerous Weapon in Aid of Racketeering

Activity, in violation of Title 18, United States Code, Section 1959(a)(3), as set forth in Count

Twenty-Four of this Indictment, each of which is re-alleged and incorporated by reference

herein, and did aid, abet, counsel, command, induce, and procure the commission of said offense.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.)

## COUNT TWENTY-SIX
### (Assault with a Dangerous Weapon in Aid of Racketeering Activity)

1.     Paragraphs 1 through 3 of Count Two of this Indictment are re-alleged and

incorporated as if fully set forth herein.

2.     On or about December 27, 2015, in Portsmouth, Virginia, in the Eastern District

of Virginia, the defendants, ANTHONY DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," and

NATHANIEL TYREE MITCHELL, a/k/a "Savage," aided and abetted by others, both known

and unknown, for the purpose of gaining entrance to and maintaining and increasing position in

the NTG, an Enterprise engaged in racketeering activity, did unlawfully and knowingly assault

24

individuals known and unknown with a dangerous weapon, in violation of Va. Code Ann. §§ 18.2-53.1 and 18.2-282.

(In violation of Title 18, United States Code, Sections 1959(a)(3) and 2.)

## COUNT TWENTY-SEVEN
### (Possession and Discharge of a Firearm in Furtherance of a Crime of Violence)

On or about December 27, 2015, in Portsmouth, Virginia, in the Eastern District of Virginia, the defendants, ANTHONY DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," and NATHANIEL TYREE MITCHELL, a/k/a "Savage," did unlawfully and knowingly possess, brandish, and discharge a firearm in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, to wit: Racketeering Conspiracy, in violation of Title 18, United States Code, Section 1962(d), as set forth in Count One of this Indictment, and Assault with a Dangerous Weapon in Aid of Racketeering Activity, in violation of Title 18, United States Code, Section 1959(a)(3), as set forth and charged in Count Twenty-Six this Indictment, each of which is re-alleged and incorporated by reference herein, and did aid, abet, counsel, command, induce, and procure the commission of said offense.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.)

## COUNT TWENTY-EIGHT
### (Distribution of Narcotics)

On or about January 20, 2016, in the Eastern District of Virginia, the defendant, ANTONIO SIMMONS, a/k/a "Murdock," a/k/a "Doc," did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).)

### COUNT TWENTY-NINE
### (Distribution of Narcotics)

On or about February 3, 2016, in the Eastern District of Virginia, the defendant,

ANTONIO SIMMONS, a/k/a "Murdock," a/k/a "Doc," did unlawfully, knowingly and

intentionally distribute a mixture and substance containing a detectable amount of heroin, a

Schedule I controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).)

### COUNT THIRTY
### (Distribution of Narcotics)

On or about February 19, 2016, in the Eastern District of Virginia, the defendant,

ANTONIO SIMMONS, a/k/a "Murdock," a/k/a "Doc," did unlawfully, knowingly and

intentionally distribute a mixture and substance containing a detectable amount of heroin, a

Schedule I controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).)

### COUNT THIRTY-ONE
### (Possession With Intent to Distribute Narcotics)

On or about March 22, 2016, in the City of Chesapeake, in the Eastern District of

Virginia, the defendant, ANTONIO SIMMONS, a/k/a "Murdock," a/k/a "Doc," did unlawfully,

knowingly and intentionally possess with intent to distribute a mixture and substance containing

a detectable amount of cocaine base, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18,
United States Code, Section 2.)

### COUNT THIRTY-TWO
### (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about March 22, 2016, in the City of Chesapeake, in the Eastern District of

Virginia, the defendant, ANTONIO SIMMONS, a/k/a "Murdock," a/k/a "Doc," did unlawfully

26

and knowingly possess a firearm, and use and carry a firearm, during and in relation to a drug

trafficking crime for which he may be prosecuted in a court of the United States, to wit: the drug

trafficking crime alleged in Count Thirty-One, which is re-alleged and incorporated by reference

herein, and did aid, abet, counsel, command, induce, and procure the commission of said offense.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.)

## COUNT THIRTY-THREE
### (Felon in Possession of a Firearm)

On or about March 22, 2016, in the City of Chesapeake, in the Eastern District of

Virginia, the defendant, ANTONIO SIMMONS, a/k/a "Murdock," a/k/a "Doc," having been

previously convicted in a court of a crime punishable by imprisonment for a term exceeding one

year, did knowingly and unlawfully possess in and affecting commerce a firearm and firearms, to

wit: a Smith and Wesson .40 caliber semi-automatic pistol, which had been shipped and

transported in interstate and foreign commerce.

(In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 2.)

## FORFEITURE ALLEGATION AS TO COUNT ONE

THE GRAND JURY FURTHER ALLEGES AND FINDS PROBABLE CAUSE THAT:

1.      The allegations contained in Count One of this Indictment are hereby repeated, re-alleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963. Pursuant to Federal Rule of Criminal Procedure Rule 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963, in the event of any defendant's conviction under Count One of this Indictment.

2.      The defendants, ANTONIO SIMMONS, a/k/a "Murdock," a/k/a "Doc," ANTHONY DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," NATHANIEL TYREE MITCHELL, a/k/a "Savage," and ALVAUGHN DAVIS, a/k/a "LB":

        a.      Have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1); and

        b.      Have property constituting and derived from proceeds obtained, directly and indirectly, from racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

3.      The property subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1), (a)(2), and (a)(3), includes but is not limited to:

        a.      Proceeds of robbery and proceeds of drug dealing.

4.      If any of the property subject to forfeiture, whether specifically listed in paragraph 3 above or referred to generally in paragraphs 1 and 2 above, as a result of any act or omission of the defendants:

        a.      Cannot be located upon the exercise of due diligence;

        b.      Has been transferred or sold to, or deposited with, a third person;

        c.      Has been placed beyond the jurisdiction of the Court;

        d.      Has been substantially diminished in value; or

        e.      Has been commingled with other property which cannot be subdivided without difficulty;

It is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

5.      The above-named defendants, and each of them, are jointly and severally liable for the forfeiture obligations as alleged above.

(All pursuant to Title 18, United States Code, Section 1963.)

## CRIMINAL FORFEITURE

THE GRAND JURY FURTHER ALLEGES AND FINDS PROBABLE CAUSE THAT:

1.     The defendant, ANTONIO SIMMONS, a/k/a "Murdock," a/k/a "Doc," if convicted of any of the violations alleged in Counts Thirty through Thirty-Three of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

a.     Any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the violation; and

b.     Any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violation.

2.     The defendants, if convicted of any of the violations alleged in this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any firearm or ammunition involved in or used in the violation.

3.     If any property that is subject to forfeiture above, as a result of any act or omission of the defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the defendant, as subject to forfeiture under Title 21, United States Code, Section 853(p).

(In accordance with Title 21, United States Code, Section 853; Title 18, United States Code, Section 924(d)(1); and Title 28, United States Code, Section 2461(c).)

## NOTICE OF SPECIAL FINDINGS

1.      The allegations of Counts Two, Six, Eleven, Twelve, and Twenty-One of this Indictment are hereby re-alleged as if fully set forth herein and incorporated by reference.

2.      As to Count Two of this Indictment, the defendants, ANTONIO SIMMONS, a/k/a "Murdock," a/k/a "Doc," and ANTHONY DERRELL FOYE, a/k/a "Ace," a/k/a "Bull":

a.      Were more than 18 years old at the time of the offense (Title 18, United States Code, Section 3591(a));

b.      Intentionally killed Altariq Tynes (Title 18, United States Code, Section 3591(a)(2)(A)) (defendant FOYE only);

c.      Intentionally inflicted serious bodily injury that resulted in the death of Altariq Tynes (Title 18, United States Code, Section 3591(a)(2)(B)) (defendant FOYE only);

d.      Intentionally participated in an act, contemplating that the life of one or more persons would be taken or intending that lethal force would be used in connection with persons, other than one of the participants in the offense, and Altariq Tynes died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

e.      Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to one or more persons, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Altariq Tynes died as a result of the act (Title 18, United States Code, Section 3591(a)(2)(D)); and

f.      Committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value (Title 18, United States Code, Section 3592(c)(8)).

31

3.      As to Count Six of this Indictment, the defendants, ANTONIO SIMMONS, a/k/a "Murdock," a/k/a "Doc," ANTHONY DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," NATHANIEL TYREE MITCHELL, a/k/a "Savage," and ALVAUGHN DAVIS, a/k/a "LB":

a.      Were more than 18 years old at the time of the offense (Title 18, United States Code, Section 3591(a));

b.      Intentionally killed Vandalet Mercer (Title 18, United States Code, Section 3591(a)(2)(A)) (defendants FOYE and MITCHELL only);

c.      Intentionally inflicted serious bodily injury that resulted in the death of Vandalet Mercer, (Title 18, United States Code, Section 3591(a)(2)(B)) (defendants FOYE and MITCHELL only);

d.      Intentionally participated in an act, contemplating that the life of one or more persons would be taken or intending that lethal force would be used in connection with persons, other than one of the participants in the offense, and Vandalet Mercer died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

e.      Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to one or more persons, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Vandalet Mercer died as a result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

f.      In the commission of the offense, or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victims of the offense (Title 18, United States Code, Section 3592(c)(5));

g.     Committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value (Title 18, United States Code, Section 3592(c)(8)); and

h.     Intentionally killed or attempted to kill more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

4.     As to Counts Eleven and Twelve of this Indictment, the defendants, ANTHONY DERRELL FOYE, a/k/a "Ace," a/k/a "Bull," and NATHANIEL TYREE MITCHELL, a/k/a "Savage":

a.     Were more than 18 years old at the time of each of the offenses (Title 18, United States Code, Section 3591(a));

b.     Intentionally killed Wayne Randolph Davis and Linda Marie Lassiter (Title 18, United States Code, Section 3591(a)(2)(A));

c.     Intentionally inflicted serious bodily injury that resulted in the death of Wayne Randolph Davis and the death of Linda Marie Lassiter, (Title 18, United States Code, Section 3591(a)(2)(B));

d.     Intentionally participated in an act, contemplating that the life of one or more persons would be taken or intending that lethal force would be used in connection with persons, other than one of the participants in the offense, and Wayne Randolph Davis and Linda Marie Lassiter died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

e.     Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to one or more persons, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and

Wayne Randolph Davis and Linda Marie Lassiter died as a result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

      f.     In the commission of the offense, or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victims of the offense (Title 18, United States Code, Section 3592(c)(5));

      g.     Committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value (Title 18, United States Code, Section 3592(c)(8)); and

      h.     Intentionally killed or attempted to kill more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

     5.     As to Count Twenty-One of this Indictment, the defendant, NATHANIEL TYREE MITCHELL, a/k/a "Savage":

      a.     Was more than 18 years old at the time of the offense (Title 18, United States Code, Section 3591(a));

      b.     Intentionally killed Jamesha Roberts (Title 18, United States Code, Section 3591(a)(2)(A));

      c.     Intentionally inflicted serious bodily injury that resulted in the death of Jamesha Roberts (Title 18, United States Code, Section 3591(a)(2)(B));

      d.     Intentionally participated in an act, contemplating that the life of one or more persons would be taken or intending that lethal force would be used in connection with persons, other than one of the participants in the offense, and Jamesha Roberts died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

      e.      Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to one or more persons, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Jamesha Roberts died as a result of the act (Title 18, United States Code, Section 3591(a)(2)(D)); and

      f.      Committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value (Title 18, United States Code, Section 3592(c)(8)).

      (Pursuant to Title 18, United States Code, Sections 3591 and 3592.)

Sealed Pursuant to the
E-Government Act of 2002

*United States v. Antonio Simmons et al.*
Criminal No. 2:16cr \30

A TRUE BILL:

REDACTED COPY

_____
FOREPERSON

DANA J. BOENTE
UNITED STATES ATTORNEY

By:   _____
Joseph E. DePadilla
Andrew C. Bosse
Assistant United States Attorneys
John F. Butler
Special Assistant United States Attorney
Attorneys for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number – 757-441-6331
Facsimile Number – 757-441-6689
E-Mail Address – Joe.DePadilla@usdoj.gov
E-Mail Address – Andrew.Bosse@usdoj.gov
E-Mail Address – John.F.Butler@usdoj.gov